# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:10-cv-563-RJC

| | |
|---|---|
| **TYRUS TERRILL SANDERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **R. LOCKE BELL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion to address the status of this case. Plaintiff filed his Complaint on November 8, 2010, (Doc. No. 1), and at that time he was in the custody of the North Carolina Department of Corrections and housed in the Craggy Correctional Center. (Doc. No. 1 at 2). On November 16, 2010, the Clerk of Court entered an order in accordance with 28 U.S.C. § 1915(b)(2) which required the correctional facility housing Plaintiff to pay an initial partial filing fee of $5 from Plaintiff's prison trust account towards the $350 civil filing fee for Plaintiff's case. Thereafter, the correctional facility was to deduct 20% of the preceding month's income from Plaintiff's trust account each time the amount contained in the account exceeded $10.00 until the $350 filing fee was paid in full. (Doc. No. 3 at 2). On March 16, 2012, the clerk docketed a Notice of Change of Address wherein Plaintiff informed the Court that he is no longer incarcerated. (Doc. No. 15).

Federal law provides that an individual is responsible for the full filing fee of $350 unless he has been allowed to proceed in forma pauperis ("IFP"). Plaintiff attached an application to proceed IFP to his complaint. (Doc. No. 1-1). The Clerk of Court directed Plaintiff's correctional facility to produce a copy of his trust account statement. (Doc. No. 3).

Now Plaintiff indicates that he has been released from the custody of the North Carolina Department of Corrections. (Doc. No. 15). Plaintiff inquires why no summonses have been issued in his case. (Doc. No. 15-1). Plaintiff is reminded that he is responsible to pay the full filing fee of $350 before summonses will issue unless he is granted permission to proceed without payment of fees and costs through a renewed application for IFP.

**IT IS, THEREFORE, ORDERED** that, within **twenty (20) days** from entry of this Order, Plaintiff shall either 1) submit a new application for IFP reflecting his current economic situation or 2) remit the remaining balance of the filing fee to the Court, or this case will be **DISMISSED** for failure to pay fees and failure to prosecute.

Signed: March 27, 2012

Robert J. Conrad, Jr.
Chief United States District Judge